JENKINS, J.,
DISSENTS AND ASSIGNS REASONS
hi find no abuse of discretion in the trial court’s denial of defendant’s Motion to Ex-pungement. The defendant is not eligible to have a crime of violence expunged from his record.
First, the defendant was not eligible to have his sentence deferred under La. C.Cr.P. Art. 893. Article 893 contains specific prohibitions on certain felonies being deferred:
The court shall not defer a sentence under this provision for an offense or an attempted offense which is defined or enumerated as a crime of violence under [La.] R.S. 142(B)...
La. C.Cr.P. art. 893(E)(1)(b).
Second Degree Battery is defined as a crime of violence under La. R.S. 14:2(B)(6).
Second, La. C.Cr.P. 978 provides, in pertinent part:
No expungement shall be granted nor shall a person be permitted to file a motion to expunge the record of arrest and conviction of a felony offense if the person was convicted of the commission or attempted commission of any of the following offenses: (1) A crime of violence as defined by or enumerated in R.S. 142(B).
La. C.Cr.P. art. 978(B).
It is clear that defendant’s convictions and sentences for Second Degree Battery are crimes of violence ineligible for a grant of expungement under Article 978(B).
| ^Finally, I agree with the State’s argument that the record is void of the State entering into a plea agreement that included the deferral of defendant’s sentence. The colloquy of the April 10, 2011 sentencing hearing includes the following exchange:
The Court: The State of Louisiana has extended to you a plea bargain. They have amended each of these three counts to Second-degree Battery. Second-degree battery is a felony offense. However, the penalty is a fine of not more than two-thousand dollars or imprisonment with or without hard labor for not more than five years or both. Do you understand the original charge and the sentences that are carried and the amended charges?
The Defendant: Yes. ...
The Court: Do you understand your sentence in this case, Mr. Allah, is going to be under Article 893, which is the expungeable statute. It’s going to call for a three-year, Department of Corrections, sentence suspended, three years of ac *170 tive probation, which I can terminate early if you’ve done well in the probation. There will be fines and fees imposed. Is that your understanding of your sentence?
The Defendant: Yes, ma’am.
The sentencing transcript reflects that the plea agreement offered by the State of Louisiana was to amend the bill of information from one count of second degree kidnapping, La. R.S. 14:44.1 and two counts of Felony Carnal Knowledge of a Juvenile, La. R.S. 14:80(A)(1) to three counts of Second Degree Battery, La. R.S. 14:4.1. There is no indication from the sentencing transcript that the State entered into any agreement related to the sentence to be imposed or defendant’s future filing of a Motion for Expungement.
I find no breach of a plea bargain agreement between the State of Louisiana and the defendant; therefore, there is no error in the trial court’s denial of the defendant’s Motion for Expungement. I would deny defendant’s writ application.[1]

. I agree with the majority that the trial court’s February 26, 2016 judgment denying defendant’s Motion for Expungement is not an appealable judgment and as such should be converted to application for supervisory writs.